MARY F. CUSHMAN, as Executrix, etc., of THOMAS H. CUSHMAN, Deceased, Appellant, *v.* HARRY C. CUSHMAN, Individually and as Executor, etc., of PAUL CUSHMAN, Deceased, and as Administrator De Bonis Non, etc., of ROBERT S. CUSHMAN, Deceased, and REBECCA W. SYPHER, Respondents, Impleaded. with Others, Defendants.

*Will — a provision giving executors discretionary power to decide whether the beneficiary of a trust is of good moral habits, and in such case to pay over the trust fund to him, does not contemplate an arbitrary or capricious exercise of the power so conferred — right of one of the executors to exercise such discretion.*

Robert S. Cushman, by his will, bequeathed his residuary estate to his executors in trust to pay the income thereof to his three sons until the youngest son should attain the age of twenty-five years or would, if living, have attained that age. The will then continued as follows : " And upon the happening of that event, I order and direct the executors hereinafter mentioned of this my will, to divide my said estate into as many equal parts or shares as there shall then be living of my said three sons above mentioned, and one of which said equal shares or parts I then order and direct shall be paid to each of said three sons or to the survivors or survivor of them, by my said executors subject to the provisions hereinafter mentioned.   Provided, however, that such sons are then or shall at that time, be of good moral habits and shall be in the judgment of my said executors competent to take charge of and prudently use, manage and dispose of such shares so respectively to them bequeathed, in my said residuary estate, but in case my said sons or either of them, shall at the time or period above mentioned when the youngest shall so have attained to the age of twenty-five years, be of so immoral, prodigal or improvident habits and character, as shall render him or them or either of them incompetent to properly and prudently use and manage such share or shares of my estate in the judgment and opinion of my said executors, I do then and in such case order and direct my said executors to withhold from such son or sons his. share or portion aforesaid and to retain the same in the possession of my said executors as trustees thereof to continue to collect and receive the income annually or oftener accruing upon such share or shares so withheld and retained, and to pay over or in their discretion to apply such annual income to the use, maintenance and support of such son or sons, from whom such share or shares is or may be withheld as aforesaid, in each and every year, during the lifetime of such child or children, and in case of the death of such child or of either of such children or of either of my said three children leaving no lawful issue surviving before receiving actual possession of his share or portion aforesaid of my estate, then and in such case, I give and bequeath the share or portion of such child or children so dying to my brother Paul and to his heirs forever, but otherwise then to the lawful issue of such of my children as may die leaving such lawful issue him or them surviving. But, I do

further hereby expressly provide and it is my will that in case either of my said sons, who shall or may be incompetent at the period above mentioned in the judgment of my executors to receive and properly manage his share or portion of my estate, shall at any time afterwards so reform his habits and so conduct himself as to render him in the judgment of my said executors competent to manage and prudently use and dispose of his said share or portion of my estate, that then and in such case my said executors shall be at liberty in their discretion to pay over and transfer such share to such son or sons absolutely. It is hereby expressly declared to be my desire, wish and intention to vest my said executors and their survivor with the discretion of judging in regard to the capacity, moral character and habits of my said sons in respect to their competency respectively, to properly and prudently manage and dispose of their respective shares in my residuary estate, and to withhold the said principal of said shares from either or any or to convey and transfer the same to either or any of my said sons, as the exercise of their sound discretion and honest judgment in the premises shall deem fit and proper and in accordance with my will herein expressed in regard to my sons, but neither of my said executors shall in any manner be held liable for any error of judgment in the premises."

The will nominated Theodore Townsend and Henry Martin executors, but by a codicil to the will the testator revoked such nomination and appointed his brother, Paul Cushman, and S. O. Shepard sole executors. Letters testamentary under the will were issued only to Paul Cushman. The testator's youngest son, Thomas H. Cushman, died in 1898 at the age of forty-four years without having received his share of the trust estate.

In an action brought by the sole legatee of the said Thomas H. Cushman to recover his share of the trust estate, the complaint alleged: "That the plaintiff's husband, Thomas H. Cushman, attained the age of twenty-five years in or about the year 1879, and prior to the death of said Paul Cushman and down to the time of his own death, was of good moral habits and competent to receive, take charge of and to properly and prudently use, manage and dispose of the entire share bequeathed or intended to be bequeathed to him under the will of his father, Robert S. Cushman, not only in fact, but, as plaintiff is informed and believes, also in the judgment of the said Paul Cushman shortly before his death, and the said Thomas H. Cushman was not then of such immoral, prodigal or improvident habits and character as to render him incompetent in fact or in the judgment of the executors of the will of Robert S. Cushman to properly and prudently use and manage his share of said estate."

*Held*, that the complaint was not demurrable;

That, assuming that Paul Cushman, although appointed by the codicil and acting without the co-operation of the other executor named therein, could lawfully exercise the discretionary power provided for in the residuary clause of the will of Robert S. Cushman, he could not properly withhold Thomas H. Cushman's share if the facts alleged in the complaint were true;

That the discretion conferred upon the executors, although extensive in scope and effect, did not contemplate an arbitrary or capricious exercise of power;

That it was only if they adjudged the facts to be adverse to a favorable estimate of the character and competency of the beneficiaries that they were to withhold the principal of the shares of such beneficiaries;

That the sole executor did not have authority to withhold the share of Thomas H. Cushman, when it was not only the fact that the said Thomas H. Cushman was competent and of good moral character, but it was also the fact that such was the judgment of the said executor.

APPEAL by the plaintiff, Mary F. Cushman, as executrix, etc., of Thomas H. Cushman, deceased, from an interlocutory judgment of the Supreme Court in favor of the defendants, Harry C. Cushman and Rebecca W. Sypher, entered in the office of the clerk of the county of Kings on the 17th day of August, 1904, upon the decision of the court, rendered after a trial at the Kings County Special Term, sustaining the said defendants' separate demurrers to the plaintiff's complaint.

*Frederick Seymour* [*Louis N. Whealton* with him on the brief], for the appellant.

*James F. Tracey* [*Frederick Townsend* with him on the brief], for the respondents.

WILLARD BARTLETT, J. :

The plaintiff is the sole executrix of Thomas H. Cushman. In this suit she seeks to recover a trust estate created for the benefit of her late husband by the will of his father, Robert S. Cushman.

By the 8th clause of his will Robert S. Cushman devised and bequeathed his residuary estate " to the executors hereinafter named and appointed of this my last will and testament," in trust to convert the same into money and invest the proceeds, and out of the income to pay $200 a year to a brother of the testator for life, and to pay the remaing income (the whole after the death of the brother) to the testator's three sons, Oliver J. Cushman, John T. Cushman and Thomas H. Cushman, until the testator's youngest child should attain the age of twenty-five, or would if living have attained that age. The will continued as follows : " And upon the happening of that event, I order and direct the executors hereinafter mentioned of this my will, to divide my said estate into as many equal parts or shares as there shall then be living of my said three sons above mentioned, and one of which said equal shares or parts I then order

and direct shall be paid to each of said three sons or to the survivors or survivor of them, by my said executors subject to the provisions hereinafter mentioned. Provided, however, that such sons are then or shall at that time, be of good moral habits and shall be in the judgment of my said executors competent to take charge of and prudently use, manage and dispose of such shares so respectively to them bequeathed, in my said residuary estate, but in case my said sons or either of them, shall at the time or period above mentioned when the youngest shall so have attained to the age of twenty-five years, be of so immoral, prodigal or improvident habits and character, as shall render him or them or either of them incompetent to properly and prudently use and manage such share or shares of my estate in the judgment and opinion of my said executors, I do then and in such case order and direct my said executors to withhold from such son or sons his share or portion aforesaid and to retain the same in the possession of my said executors as trustees thereof to continue to collect and receive the income annually or oftener accruing upon such share or shares so withheld and retained, and to pay over or in their discretion to apply such annual income to the use, maintenance and support of such son or sons, from whom such share or shares is or may be withheld as aforesaid, in each and every year, during the lifetime of such child or children, and in case of the death of such child or of either of such children or of either of my said three children leaving no lawful issue surviving before receiving actual possession of his share or portion aforesaid of my estate, then and in such case, I give and bequeath the share or portion of such child or children so dying to my brother Paul and to his heirs forever, but otherwise then to the lawful issue of such of my children as may die leaving such lawful issue him or them surviving. But, I do further hereby expressly provide and it is my will that in case either of my said sons, who shall or may be incompetent at the period above mentioned in the judgment of my executors to receive and properly manage his share or portion of my estate, shall at any time afterwards so reform his habits and so conduct himself as to render him in the judgment of my said executors competent to manage and prudently use and dispose of his said share or portion of my estate, that then and in such case my said executors shall be at liberty in their discretion to pay over and transfer

such share to such son or sons absolutely. It is hereby expressly declared to be my desire, wish and intention to vest my said executors and their survivor with the discretion of judging in regard to the capacity, moral character and habits of my said sons in respect to their competency respectively, to properly and prudently manage and dispose of their respective shares in my residuary estate, and to withhold the said principal of said shares from either or any, or to convey and transfer the same to either or any, of my said sons, as the exercise of their sound discretion and honest judgment in the premises shall deem fit and proper and in accordance with my will herein expressed in regard to my sons but neither of my said executors shall in any manner be held liable for any error of judgment in the premises."

By the last clause of the will Theodore Townsend and Henry Martin of Albany, friends of the testator, were appointed executors. Their appointment was expressly revoked by a codicil which appointed the testator's brother, Paul Cushman, and S. O. Shepard of Albany sole executors in their place and stead.

The testator left him surviving the three sons mentioned in the will and for whose benefit the residuary estate was left in trust, Oliver J. Cushman, John T. Cushman and Thomas H. Cushman. Oliver J. Cushman died in 1886 and John T. Cushman died in 1887, and their shares in the residuary estate have passed to others under the residuary clause of their father's will. Thomas H. Cushman, the third son, plaintiff's husband, died in 1898, at the age of forty-four, making his wife his sole devisee, legatee and executrix.

Letters testamentary under the will of Robert S. Cushman were issued only to Paul Cushman, his brother. Paul died in 1895, and the defendant Harry C. Cushman, his sole executor, took possession not only of Paul Cushman's estate but of all that part of the residuary estate of Robert S. Cushman which had not been distributed by Paul. At the time of Paul Cushman's death he had in his possession as executor and trustee under the will of Robert S. Cushman securities worth about $50,000, which he had set apart and claimed to hold in trust under the residuary clause of said will for the separate benefit of the plaintiff's husband. These securities have come into the possession and control of the defendant Harry C. Cushman, with knowledge on his part of their character as trust

property. The plaintiff in this suit, by a complaint alleging the foregoing facts, and containing one other allegation to which more particular attention will hereafter be directed, prays for a judgment that such securities be impressed with a trust in favor of her late huband, Thomas H. Cushman, and that it be decreed that he was entitled to the principal and that the same vested in him in his lifetime, and that the defendant Harry C. Cushman be required to account for the same.

The complaint contains an allegation that Rebecca W. Sypher and several defendants other than Harry C. Cushman claim some interest in the said trust property, and have received some portion thereof from the defendant Harry C. Cushman.

Harry C. Cushman and Rebecca W. Sypher have demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Their demurrers have been sustained at Special Term and the plaintiff appeals.

Several interesting questions were argued orally before us and are discussed in the briefs of counsel, which it does not seem necessary to pass upon in order to determine this appeal. As was intimated in the course of the argument we think that the allegations contained in the 12th numbered paragraph of the complaint suffice to make out a cause of action, when considered together with all the other allegations which are to be deemed admitted by force of the demurrer. The 12th paragraph reads as follows: "That the plaintiff's husband, Thomas H. Cushman, attained the age of twenty-five years in or about the year 1879, and prior to the death of said Paul Cushman and down to the time of his own death, was of good moral habits and competent to receive, take charge of and to properly and prudently use, manage and dispose of the entire share bequeathed or intended to be bequeathed to him under the will of his father, Robert S. Cushman, not only in fact, but, as plaintiff is informed and believes, also in the judgment of the said Paul Cushman shortly before his death, and the said Thomas H. Cushman was not then of such immoral, prodigal or improvident habits and character as to render him incompetent in fact or in the judgment of the executors of the will of Robert S. Cushman to properly and prudently use and manage his share of said estate."

Assuming that Paul Cushman, although appointed by the codicil

and acting without the co-operation of the other executor named therein, could lawfully exercise the discretionary power provided for in the residuary clause of the will of Robert S. Cushman, he could not properly withhold Thomas H. Cushman's share if the facts alleged in this 12th paragraph of the complaint were true. The discretion conferred upon the executors, although extensive in scope and effect, did not contemplate an arbitrary or capricious exercise of power. It was only if they judged the *facts* to be adverse to a favorable estimate of the character and competency of the beneficiaries that they were to withhold the principal; and the sole executor had no longer any authority to withhold it from the plaintiff's husband when it was not only the fact that he was competent and of good moral character, as alleged in the 12th paragraph of the complaint, but it was also true, as therein alleged, that such was the *judgment* of the sole executor.

This view requires a reversal of the interlocutory judgment. It may be difficult for the plaintiff to prove the allegations of the 12th paragraph, but they suffice to save the complaint on demurrer.

JENKS, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendants to plead anew within twenty days upon payment of costs.